

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *James I. Hammond*<br>*Assistant United States Attorney*<br>*james.hammond@usdoj.gov* | *36 South Charles Street*<br>*Suite 400*<br>*Baltimore, MD 21201-3119* | *DIRECT: 410-209-4952*<br>*MAIN: 410-209-4800* |

September 17, 2025

The Honorable Julie R. Rubin
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    *United States v. Howard Scott*, Criminal No. JRR-23-369

Dear Judge Rubin:

      The Government submits this sentencing memorandum in advance of the sentencing hearing in the above-captioned matter, currently scheduled for Wednesday, October 1, 2025, at 10:00 a.m. Howard Scott ("Defendant") pled guilty to Count One of the Indictment in this case charging him with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). As set forth more fully below, the Government requests that the Court accept the Rule 11(c)(1)(C) agreement of the parties and sentence the Defendant to 90 months in the custody of the Bureau of Prisons.

## Sentencing Guidelines Calculation

      The Government adopts the findings of the Presentence Investigation Report ("PSR"), which accurately reflects the Defendant's base offense level of 30 pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 2K2.1(a)(2), (b)(4), and (b)(6)(B) because the Defendant committed the instant offense subsequent to sustaining two felony controlled substance offenses, the firearm the Defendant possessed in the instant offense was stolen, and he used it in connection with another felony offense, namely possession with intent to distribute controlled substances. Additionally, the Defendant accepted responsibility for his misconduct and accordingly the Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). The Government also anticipates moving at sentencing pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. Therefore, the PSR also accurately reflects that the adjusted offense level at sentencing will likely be 27.

      The Government also adopts the PSR findings of the Defendant's criminal history category of II based on three points. The applicable guideline range for this final offense level and criminal history is 78-97 months. As noted in the plea agreement, the parties jointly recommend a 90-month

sentence. As further discussed below, the Government believes that the recommend c-plea sentence is reasonable under § 3553(a).

**Factors Set Forth in 18 U.S.C. § 3553(a)**

The Government believes the following 3553(a) factors are most relevant in this case:

I.  <u>The Nature and Circumstances of the Offense (a)(1)</u>

The crime is serious. The Defendant was found in West Baltimore in the area of Sandtown-Winchester and Upton neighborhoods, trafficking narcotics out of an apartment building with a loaded, stolen firearm at the ready. Baltimore City suffers from a disproportionate amount of overdose deaths and the Defendant fueled that despair with the fentanyl and cocaine he was pushing. What is worse is that he chose to do so out of the communal laundry room of an apartment building. This Court is well aware of the danger associated with drug dealing and the gun violence that it brings, as is the Defendant having been shot around the time of his previous arrests for drug dealing. Although the Defendant has taken responsibility for his actions, there is no doubt that his actions were obviously dangerous. The Defendant exposed the residents of that apartment building, the surrounding community, and himself to grave harm. As such, the Government believes that a total sentence of 90 months imprisonment is warranted and sufficient.

II. <u>The History and Characteristics of the Defendant (a)(1)</u>

The Defendant is a criminal history category II based on three points. The Defendant was arrested at age eighteen for assault and theft was and ordered to complete the Alpha Project (a violence intervention program) as part of a deferred prosecution agreement. The Defendant had some success after this intervention but was later arrested three times in four months at age 24 for felony controlled substances offenses, two of which occurred six days apart.

The Defendant plead guilty to two of the offenses and received a five-year suspended sentence for one and an eight-year suspending all but one year sentence in the other. The Defendant was placed on supervised probation in both cases but committed the instant offense less than a year later. On September 5, 2025, the Defendant appeared in the Circuit Court for Baltimore City and admitted to violating his probation in both of his cases for the criminal conduct in this federal case. The Defendant faced a potential penalty of twelve years, but because the Defendant agreed to a 90-month sentence in his federal case, he received a time-served disposition for violating both of his state probations.

The Defendant here is dissimilarly situated from many defendants that come before this Court. What is most disappointing to the Government is that the Defendant grew up in a two-parent household, surrounded by many siblings, without any reported abuse or neglect and had not just his basic needs met but his wants as well. This case is also not one where the Defendant is dealing to support a crippling drug addiction. The Defendant even had steady employment between his deferred prosecution and his arrests for drug dealing. The COVID-19 pandemic was devasting globally and clearly had a direct impact on the Defendant with the loss of his mother and perhaps

2

his job prospects. This is not lost on the Government. But this is now the fourth arrest and third conviction for drug dealing, this time with a pharmacy of narcotics and a loaded stolen firearm.

This present attitude and conduct coupled with the Defendant's prior convictions are a dangerous combination indicating a risk to the public of future crimes. Additionally, despite assistance from the Alpha Project, a term of imprisonment in the state correctional system, and state supervision, the Defendant has failed to rehabilitate himself and become a law-abiding member of the community. The Defendant's criminal history and inability to adapt to supervised release is extremely troubling. While the severity of the penalties that he *could* have faced is significant, given the aggravating factors of the offense and the Defendant's criminal conduct to date, a total sentence of 90 months is appropriate and is sufficient to obtain the objectives of 18 U.S.C. § 3553(a).

III.	The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (a)(2)

A case like this one requires a sentence that will reflect the seriousness of the offense, deter crimes by other potential offenders, and protect the public from future such crimes by the Defendant. As such, the Defendant should receive a substantial sentence. In this case, a sentence of 90 months imprisonment is sufficient to provide both a general deterrent and specific deterrent effect, and protect the public. The Government is hopeful that this sentence will be the final deterrent for the Defendant from future criminal acts and will deter similarly situated individuals.

Considering all of the factors set forth above, the Government asks that the Court accept the Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement and sentence the Defendant to 90 months of imprisonment. The Government is hopeful that such a sentence, followed by a period of supervised release, along with services received while incarcerated and on supervised release, will finally afford adequate deterrence of future criminal conduct and end the recidivist path of the Defendant. Such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under the § 3553(a) factors.

Respectfully submitted,

Kelly O. Hayes
United States Attorney


By:	_____/S/_____
James I. Hammond
Assistant United States Attorney

cc:	Jose Molina, Esq.
	Danielle Sanger, USPO